LAWRENCE M. HADLEY - State Bar No. 157728
lhadley@glaserweil.com
ROBERT E. ALLEN - State Bar No. 166589
rallen@glaserweil.com
JASON C. LINGER - State Bar No. 323031
jlinger@glaserweil.com
GLASER WEIL FINK HOWARD
 JORDAN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

Attorneys for Plaintiff
*Evox Productions, LLC*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| EVOX PRODUCTIONS, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CARS.COM, LLC, a Delaware Limited Liability Company; CARS.COM INC., a Delaware Corporation; DEALERRATER.COM, LLC, a Delaware Limited Liability Company; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR:**<br>  1.  **DIRECT COPYRIGHT INFRINGEMENT;**<br>  2.  **VICARIOUS COPYRIGHT INFRINGEMENT; and**<br>  3.  **CONTRIBUTORY COPYRIGHT INFRINGEMENT.**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Evox Productions, LLC ("Evox"), by and through its undersigned attorneys, hereby brings the following Complaint for relief based on the following:

## Nature of the Action

1.     This action arises under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq*., for Defendants' willful infringement of over seventeen hundred of Evox's copyrighted, professional, high-quality, and original photographs on Defendants'

3115048

Websites. The term "Copy" herein shall mean any of the exclusive rights under Section 106, including to reproduce, prepare derivative works, distribute copies, and display publicly.

## Jurisdiction and Venue

2.      This Court has exclusive original jurisdiction over this lawsuit under 28 U.S.C. §§ 1331 and 1338(a) because it arises under an Act of Congress relating to copyrights, specifically 17 U.S.C. §§ 101 *et seq.*

3.      Venue is proper in this judicial district under 28 U.S.C. § 1391 because (a) a substantial part of the events or omissions giving rise to Evox's claims occurred in this district; (b) Defendants injected the infringing materials into interstate commerce through their websites, knowing that the Websites were and are accessible in California and in the Central District of California; (c) on information and belief, Defendants cause their content delivery network to reproduce and publicly display Evox's Images from servers located in California, including in this District; (d) Defendants engage in substantial, continuous, and systematic contacts with this District in which Defendants partner with and receive revenue from Dealers in this District, list automobiles for sale in this District, and advertise their online automobile marketplaces in this District, thereby appealing directly to a Southern California audience for their own commercial gain; and (e) certain Defendants or their corporate affiliates are registered to do business in California and have designated an agent for service of process with the California Secretary of State.

## Parties

4.      Plaintiff Evox is a Delaware limited liability company with its principal place of business at 13433 Benson Ave, Chino, California.

5.      On information and belief, Defendant Cars.com, LLC is a Delaware limited liability company, doing business nationwide including in this district, and having its principal place of business in Chicago, Illinois. Among other things,

3115048

Cars.com, LLC offers used cars for sale in this District and has committed acts of infringement in this District.

6.     On information and belief, Defendant Cars.com Inc. is a Delaware corporation, doing business nationwide including in this District, and having its principal place of business in Chicago, Illinois. Among other things, Cars.com Inc. offers used cars for sale in this District and has committed acts of infringement in this District. Cars.com Inc. also does business under the name Cars Commerce, including operating the website https://www.carscommerce.inc/.

7.     On information and belief, Defendant DealerRater.com, LLC ("DealerRater") is a Delaware limited liability company, doing business nationwide including in this District, and having its principal place of business in Chicago, Illinois. Among other things, DealerRater offers used cars for sale in this District and has committed acts of infringement in this District. On information and belief, DealerRater is a corporate affiliate or subsidiary of Cars.com.

8.     Cars.com, LLC, Cars.com Inc., and DealerRater are referred to herein, individually and collectively, as "Defendants." Cars.com, LLC and Cars.com Inc. are referred to herein, individually and collectively, as "Cars.com."

9.     The true names and capacities, whether individual, corporate, associate or otherwise, of "Unnamed Defendants" named herein as Does 1 through 10 are unknown to Evox who therefore sues said Unnamed Defendants by such fictitious names. Evox will amend this Complaint to allege their true names and capacities when such have been ascertained. Upon information and belief, each of the Unnamed Defendants is responsible in some manner for the occurrences herein alleged, and Evox's injuries as herein alleged were proximately caused by such Unnamed Defendants' acts or omissions.

## Evox's Copyrighted Works

10.     Evox is a 30-year-old company specializing in photo, video, and interactive vehicle imagery. Evox's library includes photographs of over 12,000

3115048

makes and models of cars that have been sold in the United States from 2000 to the present, in many permutations of vehicle model, year, color, and trim. To protect its investments, Evox has registered the copyrights in each of the photographs in its library. A copyright registration may include multiple photographs for a particular car model.

11.    Evox's photographs display information that identify Evox as the copyright owner, including the text "© EVOX IMAGES." EVOX IMAGES is a federally registered trademark of Evox (U.S. Registration No. 3649661).

12.    Each of Evox's photographs of an automobile with model year 2018 or later is embedded with certain copyright management information, as that term is defined in Section 1202(c) of the Copyright Act, including at least the name and other identifying information about Evox as the copyright owner of the work and setting the so-called "Copyright Flag" to "copyrighted" (collectively, the "CMI"). Including CMI in the metadata of these Images is a standard technical measure used by copyright owners to identify and protect these copyrighted works.

13.    Evox's primary business is the licensing of its copyright-protected photographs to other businesses, such as websites that provide information about or facilitate vehicle sales.

14.    Evox owns copyrights in nearly two million photographs and other works of cars. These include the copyrighted works that form the basis of this Complaint. Attached to this Complaint as **Exhibit A** is a spreadsheet that includes each of the **1,729** unique Evox photographs that Evox is currently aware of that have been infringed by the Defendants (the "Images") and contains: (a) the URL of each of the Images as stored on Defendants' servers; (b) the Image filename; and (c) the applicable copyright registration number.

## Defendants' Websites

15.    On information and belief, Defendants owned and operated, and/or continue to own and operate, various automotive websites to sell new and used

3115048

vehicles, including: www.cars.com, www.auto.com, www.carscommerce.inc, and www.dealerrater.com (the "Websites").

16.    The Websites are integrated with each other and managed together by Defendants. For example, a vehicle advertisement submitted on DealerRater will also appear on Cars.com and vice versa. DealerRater specifically states on its website that it is "Powered by cars.com." Currently, if a user types in www.auto.com in their search engine bar, the user is redirected to www.cars.com. On information and belief, www.auto.com was previously a separately-operated website.

17.    The Websites, among other things, advertise the sale of thousands of new and used cars, inclusive of photographs of those cars. While individuals can attempt to sell their cars through the Websites, such process does not involve the creation of an ad for that car for inclusion on the Websites—rather, the individual submits vehicle identification information, including a license plate number or vehicle identification number ("VIN"), and Defendants direct that information to various car dealers to make an offer to that individual.

18.    Instead of the individual owner-seller, the vast majority of car advertisements on the Websites are created by Defendants' car dealer partners (the "Dealers"), who have entered into a contractual relationship with Defendants and from whom Defendants earn subscription revenue and revenue from premium, enhanced, and sponsored listings. Thus, Defendants' Websites do not merely function as online platforms where third-party users independently upload and share materials, but rather, as websites managed and controlled by both Defendants and the Dealers. On information and belief, the agreements between Defendants and the Dealers do not include terms or otherwise alert the Dealers that Defendants maintain a policy that provides for the termination of the use of Defendants' platforms for Dealers who are repeat copyright infringers.

19.    The Dealers upload information, inclusive of photographs, as part of their partnerships with Defendants to advertise and sell cars. Defendants create and

3115048

control numerous features of the Websites, such as the marketing and advertisements that appear throughout the Websites.

20. Defendants offer the Dealers three levels of membership: Base, Premium, and Premium+. The highest level of membership, Premium+, gives the Dealers, among other things, the right and ability to provide vehicle financing opportunities through Cars.com, enhances the placement of the Dealer's vehicles for sale on the Websites, promotes the Dealer's vehicle inventory "on and off Cars.com," offers various rebates to the Dealer, and provides the Dealers with other "appraisal, website, and technology solutions."

21. Defendants further provide the Dealers with detailed instructions regarding the layout, appearance, and content for the advertisement for each VIN-specific car, inclusive of the photographs (an "Ad" or "Ads"). Using Defendants' portals, the Dealers upload the specific information required by Defendants about each automobile on a VIN-by-VIN basis, inclusive of photographs of that car. Defendants format this information into the Ad. Indeed, all the Ads on the Websites are formatted in the same way and contain the same basic information about each car.

22. As part of the Ad-creation process, Defendants strip each of the photographs of its CMI (even though the memory required to store the CMI is de minimis), thereby interfering with and preventing copyright owners from identifying and protecting their copyrighted works.

23. Also, Defendants associate with the photographs their own tags containing certain keywords (e.g., "cars under $50,000" or "Used [model and make of car] for sale in [city and state]") so that the photographs are easily searchable by search engines, such as Google Images. Defendants further index the photographs (and allow third parties to index the photographs) in the Ads so that they are searchable by consumers to the Websites, including (1) the location of the dealers; (2) the make and model of the vehicle; (3) the price point of the vehicle; and (4) the body style of the vehicle (e.g., "convertible," "coupe", "minivan," etc.).

COMPLAINT

3115048

24. Some of the Dealers have licenses with Evox to display Evox's Images solely in conjunction with, and solely as part of, the advertisement, for the sale of automobiles on a VIN-specific basis, which would include the Ads. No Dealer, however, has a license to publicly display any of Evox's Images as a stand-alone image, separate and apart from an Ad.

25. For the avoidance of doubt, Evox does not allege copyright infringement by Dealers who currently hold licenses from Evox for the public display of its Images as part of the VIN-specific Ads on the Websites.

### Defendants' Infringing Conduct

26. Defendants infringed Evox's Images in at least five ways: (a) selecting and publicly displaying certain Images in marketing materials on the CarsCommerce.inc Website; (b) hosting and publicly displaying each of the Images on Defendants' servers in a manner separate and apart from the Ad; (c) inviting third parties to Copy each of the Images as a result of both Defendants' searchable tags associated with the Images and Defendants' configuration of their Robots.txt files, allowing third parties, like Google, to index and copy the photographs, including the Images on the Websites; (d) distributing copies of the Images to those third parties; and (e) Copying the Images to cross-promote the sale of other cars being advertised for sale on the Websites, including other cars sold by Dealers who have not purchased a license from Evox.

27. As a direct result of Defendants' conduct, Evox's copyrighted Images have proliferated across the Internet and are used in various ways that Evox has not authorized.

*Marketing Materials on CarsCommerce.inc.*

28. Defendants, without authorization, prominently featured Evox's Images of a 2024 Jeep Grand Cherokee as part of a marketing video on the homepage of CarsCommerce.inc. Defendants altered the Images to remove the Jeep logo that is

3115048

displayed on the Image. Below are screenshots of the three Images and a capture of the CarsCommerce.inc homepage where the video is found:

  



29.    Additionally, Defendants, without authorization, Copied Evox's Image of a 2023 Chevy Equinox LT as part of CarsCommerce.inc's marketing of the "AccuTrade" business, a car appraisal service offered by Defendants.

30.    On information and belief, Defendants Copied other Images and, without authorization, used them to advertise, market, and promote Defendants and their professional services.

3115048



*Unauthorized Hosting and Public Display of the Images*

31. After a Dealer uploads all the information for an Ad, Defendants, without authorization, separate the Images from the Ad and store them separately on Defendants' servers. While Dealers upload the Images solely to be used as part of a particular Ad, Defendants Copy the Images on their Websites, so that anyone can access those photographs on their servers, separate and apart from the Ads.

32. Defendants own and control the website "platform.cstatic-images.com" ("Cstatic") on which Defendants host the photographs in the Ads, including the Images. Below is an example of one of the webpages from Cstatic that publicly displayed one of the Images separate and apart from an Ad. The URL confirms that the Image is being hosted by Defendants' on its Cstatic servers.



COMPLAINT

3115048



33.    Defendants host each of the Images on their Websites' servers, and each of the Images are or were accessible and displayed to the public through a pinpoint URL address.

*Defendants Invited Anyone to Copy and Index The Images.*

34.    In addition to Copying the Images separate from the Ads, Defendants invite third parties to Copy the Images in multiple ways. Defendants associate with the Images their own keyword tags (e.g., "cars under $50,000") so that the Images are easily searchable by search engines, such as Google Images.

35.    Additionally, Defendants maintain a gatekeeper file called "robots.txt," where the Websites grant or deny permission for programs run by third parties, including automated search crawlers like Googlebot or Adsbot (both part of Google), to search and index content on the Websites.

36.    Defendants have specifically programmed their robots.txt files to prevent the indexing and copying of certain pages, folders, and file types. Defendants, for example, do not allow crawlers to index at least 50 folders on Cars.com, including "new-cars," "vehiclehistory," "special_offers," and "employees." A copy of the Cars.com robot.txt file as of August 22, 2025 is attached as **Exhibit B**.

37.    Defendants' robots.txt files, however, allow the indexing and copying of the filed on their server where they have stored Evox's Images (the "Cstatic" server). Because the Images used in the Ads are stored in a discrete part of the server, it would be trivially easy for Defendants to prevent third-parties from crawling, indexing, and Copying the Images by adding a one-line command to their robots.txt files, just as Defendants have done for their other folders. But Defendants have not taken even that simple measure to prevent the violation of Evox's rights.

38.    Despite Evox's multiple notices to Defendants, Defendants continued to Copy Evox's Images, continued to tag the Images to make them searchable, and

3115048

failed to modify their robots.txt files to prevent third parties from Copying the Images. Defendants left the proverbial barn door wide open and invited everyone to come in and Copy the Images, even after Evox notified them.

*Defendants Distribute Copies of The Images to Those Third Parties.*

39. After Defendants invited third parties to index and Copy the Images on Defendants' servers, Defendants communicated these Images from their servers to the indexing third parties, thereby distributing a copy of each of the Images.

*Defendants Copied The Images For Unrelated Advertising.*

40. Defendants also Copied the Images separately from the Ads to advertise the Websites, their various automobile services, and to cross-promote other cars on the Websites.

41. Because Defendants permit indexing and copying of these stand-alone Images by search engines such as Google, when consumers search for a model of a vehicle on Google Images, the results will display Evox's Images, separate and apart from the Ads. Clicking on one of the Images takes the consumer not to the Ad of the vehicle displayed in the relevant Image, but instead, to the sale of other automobiles on Defendants' Websites.

42. For example, a search on Google Images retrieved the below search results on September 14, 2022. The 11th vehicle (i.e., the black Corvette) is one of Evox's Images, with the heading "Used Chevrolet Corvette in Dickson City, PA."

3115048



43.    Defendants publicly displayed the Image of the black Corvette separate and apart from the Ad. Right clicking on the Image and selecting "open image in new tab" displays the following screen. The Cstatic URL confirms that this Image is hosted on Defendants' Websites, and therefore, publicly displayed from Defendants' Websites. The Image contains Evox's watermark, eliminating any doubt that Defendants knew that the Image is owned by Evox.

3115048



44.     Clicking on the Image of the black Corvette on the original Google Images page takes the user to the following webpage of Cars.com:



3115048

45.     None of the Ads on the above page includes the Ad for the black Corvette shown on Cstatic and Google Images. That is because the black Corvette had already been sold.

46.     Defendants, nonetheless, continued to publicly display the Image, separate and apart from the Ad, from their servers, and continued to allow third parties to index the Image and direct consumers to the Websites to view the sale of other cars.

47.     Thus, Defendants continued to Copy Evox's Images to advertise, market, and promote the sale of other automobiles on its Websites, having nothing to do with the original Ad inclusive of this Image.

**Defendants Ignore Multiple Notifications of its Infringing Conduct**

48.     On July 28, 2023, Evox sent Cars.com a letter, via FedEx, placing them on notice that they had Copied **1,205** Images without Evox's authorization or consent and thereby committing copyright infringement with respect to each of the Images (the "**First Notice**"). A copy of the First Notice is attached hereto as **Exhibit C.**

49.     On August 2, 2023, the Associate General Counsel of Cars.com responded to the First Notice, confirming receipt and requesting a "full list of the EVOX images in dispute." Evox provided Cars.com with the requested list of images on August 8, 2023 (**Exhibit D**).

50.     On February 2, 2024, Evox sent Cars.com a further email providing additional information regarding Cars.com's infringing activities, demanding that Cars.com cease its infringement, and requesting mediation (the "**Second Notice**"). A copy of the Second Notice is attached hereto as **Exhibit E**.

51.     In January 2025, Defendants continued to infringe Evox's Images. On January 14, 2025, Evox sent Defendants a third communication, via FedEx, placing them on notice that they had reproduced and were publicly displaying an additional **520** Images after July 2023, without Evox's authorization or consent, thereby

3115048

committing copyright infringement with respect to each of the Images (the "**Third Notice**"). A copy of the Third Notice is attached hereto as **Exhibit F**.

52.     Despite Defendants' receipt of the notices and spreadsheets, Defendants continued to Copy Evox's Images separate and apart from the VIN-specific Ads, continued to associate the keyword tags to the Images to make them searchable by search engines, and continued to allow third parties to index and Copy the Images on their sites, including after the vehicles were sold.

53.     In August 2025, Evox discovered an additional **4** Images Copied by Defendants as part of marketing materials on CarsCommerce.inc. including the Jeep Grand Cherokee featured prominently on the homepage of the website and the Chevrolet Equinox.

54.     Altogether, Defendants have infringed at least **1,729** of Evox's registered copyrighted Images (collectively the "**Images**"), which are specified on the attached **Exhibit A**.

55.     Defendants are aware of Evox and its copyrighted Images.  Evox and Cars.com, for example, were parties to a license agreement starting in 2003 until Cars.com terminated the agreement in 2016. The agreement stated that Cars.com was required to delete all Images upon expiration or termination of the agreement. Additionally, Cars.com's website user terms and conditions specifically reference Evox, stating "Certain automotive images or video contained herein are owned by eVox Productions LLC and are protected under United States and international copyright law." A March 5, 2015 press release on Cars.com announced that Cars.com was using Evox's interactive imagery featuring rotating images of vehicles.

## FIRST CLAIM FOR RELIEF

### (Direct Copyright Infringement, 17 U.S.C. §§ 501 et seq.)

### (Against Defendants and Does 1-4)

56.     Evox repeats and incorporates the allegations contained in the preceding paragraphs as if fully set forth herein.

3115048

57.    Evox is the sole author and owner of each of the Images.

58.    Each of the Images is an original pictorial work and constitutes copyrightable subject matter under 17 U.S.C. §§ 101 and 102.

59.    Defendants have infringed Evox's copyrights in the Images by reproducing them on the Website servers separate and apart from the Ads, displaying publicly and distributing them separate and apart from the Ads on the Website.

60.    Specifically, Defendants had no right to Copy any of the Images in any manner separate and apart from the Ads, including, without limitation, to Copy the Images to advertise themselves, the Websites, their professional services, or other vehicles. Nevertheless, without authorization, Defendants Copied each of the Images separate and apart from the Ads in connection with the advertisement, marketing, and promotion of themselves, the Websites, their professional services, and other vehicles.

61.    At all times relevant to the Complaint, Defendants were directly or indirectly operating the Websites and Copying the Images.

62.    Defendants infringed at least **1,729** of the Images.

63.    The foregoing acts of Defendants constitute direct infringement of Evox's copyrights of the Images, in violation of 17 U.S.C. § 106.

64.    As the result of Defendants' infringing activities, Evox has suffered monetary damages as well as damages to its goodwill and reputation.

65.    Defendants' past and continued Copying of the Images constitutes willful infringement of Evox's rights. Defendants had full knowledge of Evox's ownership and copyright in each Images, and that Defendants did not have the right to Copy any of the Images separate and apart from the Ads or in connection with the advertisement, marketing, and promotion of themselves, the Websites, their professional services, or other vehicles. Defendants were therefore aware they were using the Images without Evox's authorization or acted in reckless disregard of Evox's rights in the Images.

3115048

66.    Pursuant to 17 U.S.C. § 504(b), Evox is entitled to its actual damages, including Defendants' profits from infringement in connection with the Images, in an amount to be proven at trial.

67.    Alternatively, at Evox's election pursuant to 17 U.S.C. § 504(c), Evox is entitled to recover up to $30,000 in statutory damages for each Image, and/or up to $150,000 in statutory damages for each Image willfully infringed.

68.    Defendants' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Evox great and irreparable injury that cannot fully be compensated or measured in money. Evox has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Evox is entitled to injunctive relief prohibiting Defendants from further infringing Evox's copyrights, ordering the Defendants to impound and destroy all copies of the Images made in violation of Evox's exclusive rights.

69.    Evox is also entitled to recover its attorneys' fees and costs pursuant to 17 U.S.C. § 505 because the first act of infringement of the same kind by a particular defendant occurred on or after the date of registration, and prejudgment and post judgment interest according to law.

## SECOND CLAIM FOR RELIEF

### (Vicarious Copyright Infringement, 17 U.S.C. §§ 501 et seq.)

### (Against Defendants and Does 5-7)

70.    Evox repeats and incorporates the allegations contained in the preceding paragraphs as if fully set forth herein.

71.    The Dealers who do not have a license with Evox and who exceeded the scope of any license with Evox (the "Unlicensed Dealers") Copied the Images to advertise and market the sale of cars, and did so without the consent, approval, or license of Evox.

72.    Each unauthorized reproduction, creation of a derivative work, public display, or distribution of an Image by each Unlicensed Dealer constitutes a separate

3115048

and distinct act of direct infringement.

73.     Defendants had and continue to have the right and ability to supervise and control the infringing acts of the Unlicensed Dealers who have directly infringed the Images by Copying them in connection with the Website. Defendants had and have the legal right to stop or limit the directly infringing conduct, as well as the practical ability to do so, considering that the Unlicensed Dealers submitted the Ads to Defendants to be used on Defendants' platform, and Defendants separately Copied the Images onto its servers and publicly displayed them separately on the Website.

74.     Defendants obtained a direct financial benefit from the infringing activities of the Unlicensed Dealers. Defendants earn revenue from the Unlicensed Dealers that subscribe to Defendants' three subscription tiers. The Images also drew retail consumers to the Website to purchase cars from other dealers, which resulted in additional revenue to Defendants.

75.     The actions of Defendants constitute vicarious copyright infringement.

76.     Pursuant to 17 U.S.C. § 504(b), Evox is entitled to its actual damages, including Defendants and the Unlicensed Dealers' profits from infringement in connection with the Images, in an amount to be proven at trial.

77.     Alternatively, at Evox's election pursuant to 17 U.S.C. § 504(c), Evox is entitled to recover up to $30,000 in statutory damages for each Image, and/or up to $150,000 in statutory damages for each Image willfully infringed.

78.     Defendants and the Unlicensed Dealers' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Evox great and irreparable injury that cannot fully be compensated or measured in money. Evox has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Evox is entitled to injunctive relief prohibiting Defendants and the Unlicensed Dealers from further infringing Evox's copyrights, ordering the Defendants to impound and destroy all copies of the Images.

3115048

79. Evox is also entitled to recover its attorneys' fees and costs pursuant to 17 U.S.C. § 505 because the first act of infringement of the same kind by a particular defendant occurred on or after the date of registration, and prejudgment and post judgment interest according to law.

## THIRD CLAIM FOR RELIEF

### (Contributory Copyright Infringement, 17 U.S.C. § 501)

### (Against Defendants and Does 8-10)

80. Evox repeats and incorporates the allegations contained in the preceding paragraphs as if fully set forth herein.

81. The Unlicensed Dealers Copied the Images to advertise and market cars, Defendants and their Websites, all without the consent, approval, or license of Evox.

82. Each unauthorized reproduction, creation of a derivative work, public display, or distribution of an Image an Unlicensed Dealer constitutes a separate and distinct act of direct infringement.

83. Through its conduct alleged herein, Defendants knowingly and systematically induced, caused, materially contributed to, actively encouraged, and participated in the infringing reproduction, creation of derivative works, public display and distribution of the Image by the Unlicensed Dealers. Specifically, Defendants entered into agreements with the Unlicensed Dealers to advertise, market and promote the sale of the specific cars in the Ads using the Images on the Website, but Defendants took those Images and used them to advertise and promote the sale of unrelated cars as well as the Websites generally.

84. Defendants knew or should have known that the Unlicensed Dealers were providing the Images solely in connection with the VIN-specific Ads, and that the reproduction, public display and distribution of Images separate from the Ads was infringing.

85. Defendants' actions constitute contributory copyright infringement.

86. Defendants have benefitted from its contributory infringement of the

3115048

Images in the form of car sales, brand promotion, and corporate goodwill. As a result of Defendants' contributory infringement, Evox has suffered monetary damages as well as damages to its goodwill and reputation.

87.     Pursuant to 17 U.S.C. § 504(b), Evox is entitled to its actual damages, including Defendants and the Unlicensed Dealer's profits from infringement in connection with the Images, in an amount to be proven at trial.

88.     Alternatively, at Evox's election pursuant to 17 U.S.C. § 504(c), Evox is entitled to recover up to $30,000 in statutory damages for each Image, and/or up to $150,000 in statutory damages for each Image infringed willfully.

89.     Defendants' and the Unlicensed Dealers' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Evox great and irreparable injury that cannot fully be compensated or measured in money. Evox has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Evox is entitled to injunctive relief prohibiting Defendants from further infringing Evox's copyrights, and ordering the Defendants to impound and destroy all copies of the Images.

90.     Evox is also entitled to recover its attorneys' fees and costs pursuant to 17 U.S.C. § 505 because the first act of infringement of the same kind by a particular defendant occurred on or after the date of registration, and prejudgment and post judgment interest according to law.

### Prayer for Relief

Evox prays for relief as follows:

a.     That Defendants and their agents and employees be enjoined from infringing Evox's copyrights in any manner, specifically the Images;

b.     That Evox be awarded its actual damages, including Defendants' profits from infringement in connection with each of the Images, plus any other monetary advantage gained by Defendants through their infringement under 17 U.S.C. § 504(b) for each separate infringement;

3115048

c.    Alternatively, at its election, that Evox be awarded maximum statutory damages with respect to each Images, or such as other amounts as may be proper under 17 U.S.C. § 504(c), including for willful infringement with respect to the Images;

d.    That Evox be awarded its reasonable attorney's fees and costs in this action, under 17 U.S.C. § 505;

e.    That Evox be awarded pre- and post-judgment interest; and

f.    That Evox be awarded any and all other further legal or equitable relief as the Court deems proper.

DATED: September 2, 2025

GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP


By: /s/ Robert E. Allen
ROBERT E. ALLEN
LAWRENCE M. HADLEY
JASON LINGER

*Attorneys for Plaintiff*
*Evox Productions, LLC*

21
COMPLAINT

3115048

## **Demand for Jury Trial**

Plaintiff Evox Productions, LLC, demands a jury trial on all issues so triable.

DATED: September 2, 2025

GLASER WEIL FINK HOWARD
JORDAN & SHAPIRO LLP

By: */s/ Robert E. Allen*
    ROBERT E. ALLEN
    LAWRENCE M. HADLEY
    JASON LINGER

    *Attorneys for Plaintiff*
    *Evox Productions, LLC*

22

COMPLAINT

3115048