Justin M. Sobaje (State Bar No. 234165)
jsobaje@foley.com
Ashley M. Koley (State Bar No. 334723)
akoley@foley.com
**FOLEY & LARDNER LLP**
555 South Flower Street, Suite 3300
Los Angeles, California 90071-2411
Telephone:  213-972-4500
Facsimile:   213-486-0065

Laura Ganoza (*admitted pro hac vice*)
lganoza@foley.com
**FOLEY & LARDNER LLP**
2 South Biscayne Blvd, Suite 1900
Miami, FL 33131
Telephone:  305-482-8400
Facsimile:   305-482-8600

Kunal Makhey (*admitted pro hac vice*)
kunal.makhey@foley.com
**FOLEY & LARDNER LLP**
90 Park Ave., 35th Floor
New York, NY 10016
Telephone:  212-338-3481

*Attorneys for Defendants Cars.com,
LLC, Cars.com Inc., and DealerRater.com, LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# EASTERN DIVISION AT RIVERSIDE

| | |
|---|---|
| EVOX PRODUCTIONS, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CARS.COM, LLC, a Delaware Limited Liability Company; CARS.COM INC., a Delaware Corporation; DEALERRATER.COM, LLC, a Delaware Limited Liability Company; and DOES 1-10, inclusive,<br><br>Defendants. | Case No: 5:25-cv-02357-KK-SP<br><br>**CARS.COM'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FIRST EX PARTE MOTION TO MODIFY CASE SCHEDULE AND COMPEL DISCOVERY**<br><br>FAC Filed: January 14, 2026<br><br>Close of Fact Discovery: June 18, 2026<br><br>Pre-Trial Conference: October 1, 2026<br><br>Trial Date: October 19, 2026<br><br>Judge: Honorable Kenly Kiya Kato |

# TABLE OF CONTENTS

I.     INTRODUCTION ........................................................................................................3

II.    RELEVANT FACTUAL BACKGROUND .............................................................5

       A.    The Compressed Schedule Required Good-Faith Cooperation, Strict Adherence to Rule 34, and Left No Room for Delay. ....................................5

       B.    Cars.com Diligently Pursued License Discovery from the Outset. ...............5

       C.    Evox Committed to Produce All Licenses and Customer Identities..............6

       D.    The Court's June 15 Order and Evox's Reversal of Position on the Eve of Discovery Cutoff. ............................................................................................6

       E.    Evox's Reversal Results in the Withholding of Some of the Most Important Discovery in this Case. ....................................................................................9

       F.    Evox Supplements Nearly Every Interrogatory Response at 4:54 p.m. on Fact Discovery Deadline ................................................................................10

       G.    The Parties' Meet and Confer and Evox's Ongoing Production .................11

III.   LEGAL STANDARD ............................................................................................12

IV.    GOOD CAUSE EXISTS TO MODIFY THE CASE SCHEDULE AND COMPEL PRODUCTION OF documents. ............................................................................13

       A.    Cars.com Was Diligent Throughout Discovery. ...........................................13

       B.    Cars.com Will Suffer Irreparable Prejudice Absent *Ex Parte* Relief. ..........16

       C.    Requested Relief. ...........................................................................................17

V.     CONCLUSION......................................................................................................19

DEFENDANTS' EX PARTE MOTION TO MODIFY CASE SCHEDULE AND COMPEL PRODUCTION
Case No.: 5:25-cv-02357-KK-SP

## I.    **INTRODUCTION**

Defendants Cars.com, LLC, Cars.com Inc., and DealerRater.com, LLC (collectively, "Cars.com") seek a 90-day extension of the case schedule under Federal Rule of Civil Procedure 16(b)(4) and a related order compelling production of critical discovery that has been deliberately and improperly withheld by Plaintiff Evox Productions, LLC ("Evox"). *Ex parte* relief is necessary because fact discovery closed June 18, 2026, and opening expert reports are due July 2, 2026. Evox still has not fully complied with the Court's June 15, 2026 Orders and is still producing information responsive to Cars.com's original discovery requests.

Exacerbating its overdue discovery, at the close of business on June 18, 2026—***the last day of fact discovery***—Evox served amended and supplemental interrogatory responses providing, for the first time, core infringement, validity, and damages information requested by Cars.com and available to Evox since the beginning of discovery (and much earlier). Just today, on June 26, 2026—***a week after the close of fact discovery***—Evox produced over 265,000 pages of documents, purportedly relating to information underlying its core infringement allegations at issue since the initiation of this lawsuit and in its possession for years. Even worse, on June 17, 2026—***the day before the close of fact discovery***—Evox reversed its prior commitment to produce all license agreements with third parties (*e.g.*, Dealer Solution Providers ("DSPs")) relating to the images at issue. Unbeknownst to Cars.com, it turns out that over 99.5% of Evox's licenses are with entities other than dealers, including DSPs who license to dealers, rather than with the dealers themselves. An applicable license may be dispositive of an infringement claim, rendering Evox's refusal to produce agreements with DSPs highly prejudicial to Cars.com's defenses.

Evox's cat-and-mouse games predate this lawsuit. Evox first contacted Cars.com in July 2023 regarding alleged copyright violations stemming from third-party dealer uploads of allegedly copyrighted images to the Cars.com platform through a ***first*** law firm. Cars.com investigated Evox's claims, concluded they had no merit, and responded

DEFENDANTS' EX PARTE MOTION TO MODIFY
CASE SCHEDULE AND COMPEL PRODUCTION
Case No.: 5:25-cv-02357-KK-SP

promptly. Evox disappeared until January 2025, when it sent another letter threatening the same lawsuit through a ***second*** law firm. Cars.com responded promptly, again outlining the lack of merit in Evox's claims. Evox disappeared again until September 2025, when it filed the instant lawsuit through its ***third*** and current law firm.

Evox's lawsuit materially changed its infringement allegations from what had been presented by previous law firms; but, at bottom, they still involve the upload of allegedly infringing vehicle images by dealers to Cars.com's online marketplace purportedly in violation of Evox's exclusive rights under 17 U.S.C. § 106. One of Cars.com's primary defenses is that all such uses are licensed and/or permitted pursuant to a licensed dealer's permitted use, or are otherwise fair use. *See* ECF #28, ¶19. This is consistent with Evox's own First Amended Complaint allegations, which state, "[s]ome Dealers have licenses with Evox to display Evox's images . . . in VIN-specific advertising, which would include the Ads." (ECF #27, ¶24.)

Despite these allegations and the resulting centrality of these licenses to permitted uses of the asserted images—by DSPs, dealers, and Cars.com alike—Evox's corporate representative testified that Evox did not actually know which dealers were subject to the licenses referenced in its First Amended Complaint. This is a shocking admission from a company purportedly in the business of licensing vehicle images for use in dealership advertisement, and means that Evox filed this lawsuit seeking tens of millions of dollars in statutory damages from Cars.com ***without ever attempting to ascertain whether any of the uploading dealers—those primarily and most directly responsible for all accused acts of infringement—had a license***. When questioned about this lack of knowledge of dealer licensing status and Evox's targeting of Cars.com rather than dealers, Evox's counsel admitted that Evox believes Cars.com has the "deep pockets," not dealers. (Declaration of Ashley M. Koley ("Koley Decl." ¶ 7.) Since this conversation, Evox has apparently developed a method for identifying DSPs associated with the uploading dealers and any related licenses. However, Evox's counsel refuses to produce all such licenses in blatant contravention of its original discovery responses (prior to eve-of-discovery reversal) and

DEFENDANTS' EX PARTE MOTION TO MODIFY
CASE SCHEDULE AND COMPEL PRODUCTION
Case No.: 5:25-cv-02357-KK-SP

the spirit of the Court's prior orders on Cars.com's motions to compel.

Cars.com appreciates that it seeks rare relief by its motion, but believes in good faith that it is justified by the criticality of the evidence, Evox's conduct in discovery, and the Court's schedule. The Court's expedited schedule provided fewer than 90 days for all fact discovery, allowing no margin for delay and cat-and-mouse gamesmanship.

## II.    RELEVANT FACTUAL BACKGROUND

### A.    The Compressed Schedule Required Good-Faith Cooperation, Strict Adherence to Rule 34, and Left No Room for Delay.

The parties jointly proposed an October 19, 2026 fact discovery cutoff in their Rule 26(f) report. (ECF #31-1 at 2.) The Court set fact discovery to close on June 18, 2026, less than 90 days from the date of the Scheduling Order. (ECF #33 at 1.)

### B.    Cars.com Diligently Pursued License Discovery from the Outset.

On March 13, 2026, before the Case Management Conference, Cars.com served its First Set of Requests for Production, including, *inter alia*:

- RFP 9: All license agreements, including any amendments and schedules, between Evox and any third party for each of the asserted Images from January 1, 2023 to the present.
- RFP 10: All license agreements, including any amendments and schedules, between Evox and any Dealer that has listed inventory on Defendants' Websites from January 1, 2023 to the present.
- RFP 46: All Documents sufficient to identify Evox's customers from 2020 to the present, including for each customer: name, customer category (e.g., dealer, dealer group, marketplace, website provider, etc.), including whether any VIN specific advertising licensing terms were agreed-upon.

(Koley Decl. ¶2, Ex. A at 9, 13.) RFPs 9 and 46, in particular, are narrowly tailored to seek highly relevant discovery regarding the scope of permitted use of Evox's asserted images and the compensation, if any, Evox receives from third parties, including dealers, DSPs, and/or anyone else who may be permitted by Evox to allow parties to upload its images to

the Cars.com website.

**C.    Evox Committed to Produce All Licenses and Customer Identities.**

On April 13, 2026, Evox served responses objecting to RFP 10, ***but agreeing to produce all non-privileged, responsive documents to RFPs 9 and 46***. (Koley Decl. ¶3, Ex. B at 12-14, 41.) Specifically, Evox stated:

- RFP 9: Evox agrees to produce non-privileged and non-work product fully-executed license agreements, if any, including any amendments and schedules, between Evox and any third [party] for the Images from January 1, 2023 to present, in Evox's possession, custody or control.

- RFP 46: Subject to a stipulated protective order, Evox agrees to produce non-privileged and non-work product documents, if any, sufficient to identify Evox's customers from 2020 to the present, including for each customer: name, customer category (e.g. dealer, dealer group, marketplace, website provider, etc.), including whether any VIN specific advertising licensing terms were agreed-upon, in Evox's possession, custody or control.

Cars.com relied on those written and oral representations and did not include RFP Nos. 9 or 46, in its prior motion to compel (*see* ECF ##42, 43), but did ask the Court to order Evox to clarify its use of "if any" in responses where it agreed to produce documents (so Cars.com would know whether to expect such documents from Evox or whether other potential third-party discovery would be necessary), and when Evox would produce all responsive documents in compliance with Rule 34. (ECF #43 at 9-10.) This relief was necessary because Evox refused to commit to a date it would produce documents despite rapidly approaching depositions, and Evox's use of "if any" language left Cars.com in the dark as to what to expect in Evox's outstanding productions. (*Id*.) Cars.com also moved to compel Evox's deficient June 4 responses to Cars.com's Second Set of RFPs on June 7, 2026, *ex parte*, on similar grounds. (*See* ECF #50.)

**D.    The Court's June 15 Order and Evox's Reversal of Position on the Eve of Discovery Cutoff.**

On June 15, 2026, the Court ruled on Cars.com's Motions to Compel. (ECF ##55, 56 ("June 15 Orders").) The June 15 Orders did not address the scope of RFP Nos. 9 or 46 because Evox had already agreed to produce responsive documents to those Requests in full and so they were neither raised, nor discussed. Although the Court denied Cars.com's *ex parte* Motion to Compel on procedural grounds, it noted that "the court specifically admonished plaintiff that they must consider amending some of its responses to conform with Rule 34." (ECF #56 at 4.) Cars.com immediately met and conferred with Evox's counsel to discuss the impact of the June 15 Orders and proposed a joint stipulation to extend the case schedule to accommodate the production of Evox's Court-ordered documents and amended responses prior to Cars.com's deposition of Evox's corporate witness, ***particularly in view of the lack of DSP and dealer license agreements in Evox's production***. (Koley Decl. ¶6, Ex. C.) Evox's counsel stated that it was likely minimally amenable to a 30-day extension, but that it needed to confer internally before confirming. (*Id.*) Cars.com began to prepare a joint stipulation. (*Id.*) On June 17, 2026, Evox's counsel stated that it was no longer interested in any extension. (*Id.* ¶7.)

On June 17, one day before fact discovery closed, Evox served amended and supplemental responses that reversed its prior commitments in responses to RFPs 9 and 46:

As to RFP No. 9, Evox narrowed its response to the identical scope of RFP 10—namely, only those agreements with Dealers who Cars.com identified as having uploaded images to Cars.com's websites—stating:

> Evox's prior response stated that, "as it understands this Request," Evox would produce non-privileged, non-work-product, fully-executed license agreements "between Evox and any third [party] for the Images from January 1, 2023 to present, in Evox's possession, custody, or control." That response was not intended, and should not reasonably be read, to require Evox to produce every license agreement between Evox and any dealer solutions provider or other third-party business merely because such agreement may involve Evox vehicle imagery generally. Rather, Evox understood RFP No. 9, in context, to seek license agreements "for the Images" (i.e., with a nexus to the asserted Images and the allegedly infringing uploads or uses at issue in this case).
>
> That understanding is consistent with the Court's June 15,

2026 Order concerning RFP No. 10 (ECF No. 55). The Court held that the relevant production obligation is limited to license agreements between Evox and Cars.com subscribers who posted inventory on Defendants' websites from January 1, 2023 to the present, and that Evox is not required to produce license agreements for anyone who could have possibly sublicensed rights to an individual who later posted an image to one of Defendants' websites. Even though RFP No. 10 is narrower than RFP No. 9, the Court found No. 10 to still be overbroad and substantially narrowed its scope. Subject to and without waiving its objections, after Cars.com provided its May 22, 2026 list of subscribers that Cars.com identified as having uploaded the allegedly infringing Images, Evox conducted a reasonable search by cross-referencing that list against Evox's records. Evox has produced the fully-executed license agreements it located between Evox and the identified Cars.com subscribers on that list, to the extent such agreements are within Evox's possession, custody, or control and in full compliance with the Court's Order.

Evox is withholding broader third-party dealer provider agreements to the extent Cars.com contends this Request calls for Evox's agreements with entities not identified by Cars.com as subscribers/uploaders of the asserted Images and not shown to have authorized the specific uploads or separate Cars.com uses at issue. Evox withholds those documents based on its objections that Cars.com's interpretation of RFP No. 9 is overbroad, unduly burdensome, not relevant to any party's claim or defense, not proportional to the needs of the case, and seeks confidential and commercially sensitive third-party information without a sufficient nexus to the alleged infringement.

(Koley Decl. ¶8, Ex. D at 15-17.) This is a complete reversal of its prior agreement to produce all licenses with third parties concerning the accused images and within the relevant time period.

As to RFP No. 46, Evox narrowed its response to identification of customers who used the Images on Cars.com's websites, withholding the broader customer identities it had previously agreed to produce. Specifically, Evox stated:

Evox understood RFP No. 46, in context, to seek customer identities with a nexus to the asserted Images and the allegedly infringing uploads or uses at issue in this case. Evox agrees to produce non-privileged and non-work product documents sufficient to identify Evox's customers from 2020 to the present to the extent that customer used the Images on Defendants' Websites, including for each customer: name, customer category (e.g., dealer, dealer group, marketplace, website provider, etc.),

including whether any VIN specific advertising licensing terms were agreed upon, in Evox's possession, custody or control.

Evox is withholding broader customer identities to the extent Cars.com contends this Request calls for customer identities not identified by Cars.com as subscribers/uploaders of the asserted Images and not shown to have authorized the specific uploads or separate Cars.com uses at issue. Evox withholds those documents based on its objections that Cars.com's interpretation of RFP No. 46 is overbroad, unduly burdensome, not relevant to any party's claim or defense, not proportional to the needs of the case, and seeks confidential and commercially sensitive third-party information without a sufficient nexus to the alleged infringement.

(*Id.* at 53-55.)

**E.    Evox's Reversal Results in the Withholding of Some of the Most Important Discovery in this Case.**

Despite Evox's incomplete production, on June 18, 2026, Cars.com deposed Evox's main corporate representative, Barry Thompson, who testified that ***far fewer than 0.5% of Evox's licensees are actual dealers. In fact, over 99.5% of Evox's licensees are to non-dealer entities such as DSPs or other third parties that effectively sublicense Evox images to the dealers who ultimately upload them to platforms like Cars.com***. (Koley Decl. ¶9.)

During the same deposition, Evox's corporate representative, for the first time, identified certain relevant DSPs by name and acknowledged that the scope of the dealers' rights can only be determined by reviewing the terms of the DSP licenses under which they are authorized. (Koley Decl. ¶9.) In view of Evox's refusal to produce DSP agreements relating to asserted images, Cars.com immediately served subpoenas on the identified DSPs and compliance with those subpoenas remains outstanding. (*Id.*)

On June 22, 2026, counsel for Cars.com proposed a stipulation to resolve this discovery dispute and forego motion practice and the third party subpoenas altogether. Specifically, Cars.com would withdraw the subpoenas and would not need to pursue the instant motion if Evox stipulates that: (1) each of the 1,725 images at issue were uploaded by a dealer or dealer agent who possessed an existing valid license to use the images for VIN-Specific advertising on Cars.com's websites; and (2) Evox will not seek to present

9

evidence or argument that Cars.com's use of the images exceeded the scope of any such license on the basis that such use is subject to a license provision not present in any of the licenses at issue. (Koley Decl. ¶10, Ex. E at 7.) Evox declined Cars.com's proposed stipulation, and again refused to agree to a case extension. (*Id.* ¶12, Ex. E at 1.)

**F.      Evox Supplements Nearly Every Interrogatory Response at 4:54 p.m. on Fact Discovery Deadline**

Evox's last-minute discovery antics did not stop there. At 4:54pm PT on June 18, 2026—the last day of fact discovery—Evox served amended and supplemental responses to Cars.com's first set of interrogatories and requests for admission. (Koley Decl. ¶11, Ex. F.) During the numerous meet and confers throughout April and May, Evox agreed to supplement its responses, but waited until the very last day of fact discovery to do so. (Id. ¶4.) The interrogatories at issue sought, *inter alia*, information regarding Evox's infringement allegations, the scope and ownership of its purported copyrights, and the factual basis for its various alleged damages. (*Id.*, Ex. F.) Evox's amendments and supplements were not discrete elaborations to previously disclosed information or otherwise the kind of confirmatory "tidying up" of discovery information sometimes included in end-of-discovery supplements; rather, Evox's revisions comprised core information requested by Cars.com and available to Evox at the very beginning of fact discovery. Cars.com was almost finished with Evox's corporate deposition when it received this supplement and was therefore unable to review and utilize the document in any deposition.

Notably, while simultaneously withholding DSP and dealer license agreements involving the images at issue as allegedly irrelevant and too burdensome to identify and produce, Evox's June 18, 2026 supplemental response to Interrogatory 5 states for the first time that considerations relevant to Evox's actual damages include "Evox's prior licenses, Evox's stock licensing rates, Defendants' prior licensing history with Evox, market rates, comparable licenses involving similarly situated licensors and licensees . . . ." (*Id.*, Ex. F at 12.) And despite purportedly investigating Cars.com alleged infringement for over four

years, Evox's supplement states that it is still "investigating market harm and lost licensing revenue" in response to Interrogatory 6. (*Id.*, Ex. F at 14.)

### G. The Parties' Meet and Confer and Evox's Ongoing Production

On June 24, 2026, during the parties' meet and confer for this motion, Evox admitted that it can determine which DSPs are associated with the asserted images, and that it had identified a handful of DSPs thus far by examining 100 of the 533 identified dealers. (Koley Decl. ¶12.) Despite this recent identification, which could have been done years ago before Evox first contacted Cars.com, Evox only identified three (3) agreements accounting for 55 dealers, and refused to find out who the remaining DSPs and/or licensees are for the other 433 identified dealers. (*Id.*) The next day, on June 25, 2026, Evox agreed to produce two (2) of the DSP agreements it has been withholding, but remain outstanding. (*Id.* ¶14.) The next day, on June 26, 2026, Evox stated it identified three (3) more dealer license agreements it would produce, but also remain outstanding. (*Id.*, Ex. E at 1.) Evox's counsel stated it will not seek to identify the remaining DSPs or produce any additional DSP agreements. (*Id.*, Ex,. E at 2-3.)

Evox's counsel also acknowledged during the June 24, 2026 meet and confer on this motion that it is still searching for and intends to produce additional responsive documents to Cars.com's First and Second Set of RFPs, as well as documents pursuant to the June 15 Orders. (*Id.*¶13.) Some of these documents include Copyright Office deposit copies of the asserted works that Cars.com requested on March 13, 2026; attachments to correspondence between Evox and a third party relating to the creation of its "evidence books;" expert reports and other materials from other lawsuits involving the asserted images; and documents reflecting the portion of Evox's revenue attributable to litigation recovery rather than conventional licensing. Some of these documents may have been produced today, June 26, 2026, in a production of over 265,000 pages of documents. Throughout discovery, Cars.com received repeated assurances from Evox that these documents would be produced prior to the close of discovery. (*Id.* ¶4.)

DEFENDANTS' EX PARTE MOTION TO MODIFY
CASE SCHEDULE AND COMPEL PRODUCTION
Case No.: 5:25-cv-02357-KK-SP

## III.   **LEGAL STANDARD**

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good-cause inquiry "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Where the movant was diligent but could not meet the deadline due to circumstances beyond its control, good cause exists. *Id.* The Court may consider the principles of fairness and equity in granting a motion to extend the case schedule where one party has relied to its detriment on the other party's commitments. *See FeedMe Trading LLC v. My Fish Stop LLC*, No. CV 23-08857-MWF (JCX), 2024 WL 5257016, at *3 (C.D. Cal. Oct. 10, 2024); *see also M2 Software, Inc. v. M2 Commc'ns, L.L.C.*, 217 F.R.D. 499, 500 (C.D. Cal. 2003) (granting motion to compel discovery after the discovery cut-off based on fairness and equity where the moving party reasonably relied to its detriment upon representations of the opposing party that the documents at issue would be produced).

*Ex parte* relief modifying a schedule is appropriate where a party will suffer "irreparable prejudice" absent immediate relief, and where the movant "is without fault" in creating the crisis requiring *ex parte* relief, "or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). In addition, Local Rule 37-3 provides that "[u]nless the Court in its discretion otherwise allows, no discovery motions may be filed or heard on an *ex parte* basis absent a showing of irreparable injury or prejudice not attributable to the lack of diligence of the moving party."

Under Federal Rule of Civil Procedure 37(a)(3)(B)(iv), a party may move to compel the production of documents when the opposing party fails to produce documents as requested under Rule 34. A litigant is held to its commitment to produce documents after it previously agreed to produce them. *M2 Software, Inc.*, 217 F.R.D. at 500.

DEFENDANTS' EX PARTE MOTION TO MODIFY
CASE SCHEDULE AND COMPEL PRODUCTION
Case No.: 5:25-cv-02357-KK-SP

## IV. <u>GOOD CAUSE EXISTS TO MODIFY THE CASE SCHEDULE AND COMPEL PRODUCTION OF DOCUMENTS.</u>

### A.    Cars.com Was Diligent Throughout Discovery.

Evox promised production, Cars.com relied, and Evox waited until the eve of the discovery cutoff to redefine the scope of its responses and conclusively reveal a licensing model it had concealed for months. The timeline is telling:

- **March 13:** Cars.com serves first set of discovery seeking, *inter alia*, licenses (*e.g.*, RFPs 9, 10, and 46). (Koley Decl. ¶2, Ex. A at 9, 13.)

- **March 24:** Court issues scheduling order. (ECF #33.)

- **April 13:** Evox agrees to produce all licenses and customer identities in response to RFPs 9 and 46. (Koley Decl. ¶3, Ex. B at 12-13, 41.)

- **April 22 - May 5:** numerous meet and confers take place where Evox withheld its business model with DSPs, where Cars.com repeatedly inquired when Evox would complete its document production for all requests not in dispute, and where Evox reassured Cars.com it would complete it before the close of fact discovery. (*Id.* ¶4.)

- **May 21:** Evox reveals, at a high level, its sublicense structure with DSPs during the parties' meet and confer. (*Id.*)

- **May 29:** Cars.com moves to compel RFP 10 and other disputed requests. (ECF #42.)

- **June 15:** The Court grants-in-part Cars.com's motion and rules on scope of RFP 10, limiting it to dealers Cars.com identified as uploading the accused images, and orders Evox to amend its responses to RFPs, RFAs, and to supplement its document production. (ECF #55 at 5-6.) The Court admonishes Evox and orders it to consider amending responses to Cars.com's Second Set of RFPs. (ECF #56 at 4.) Parties meet and confer on June 15 Orders. (Koley Decl. ¶6.) Cars.com's counsel informs Evox that a motion will be necessary if Evox does not produce license agreements with DSPs relating to the asserted images. (*Id.*, Ex. C at 2.)

DEFENDANTS' EX PARTE MOTION TO MODIFY
CASE SCHEDULE AND COMPEL PRODUCTION
Case No.: 5:25-cv-02357-KK-SP

- **June 17 (day before fact discovery deadline):** Evox serves amended responses reversing production commitments in RFPs 9 and 46. (Koley Decl. ¶8, Ex. D at 15-17, 53-55.)

- **June 18 (fact discovery deadline):** Evox's witness reveals that 99.5%+ of licensees are with DSPs, not Dealers. Fact discovery closes. (*Id.* ¶9.) Cars.com serves subpoenas on DSPs seeking license agreements in view of Evox testimony and reversal of its production commitment. (*Id.*) Evox serves amended responses to nearly all of Cars.com's interrogatories and requests for admission at the close of business introducing liability and damages theories for the first time (*Id.* ¶11.) Evox also produces nearly 3,000 documents. (*Id.*)

- **June 22:** Cars.com proposes stipulation to avoid motion practice on license dispute. (*Id.* ¶10.)

- **June 24:** Evox admits it has identified relevant DSPs for only 100 out of 533 identified Dealers so far, and that it has those licenses in its possession, but refuses to produce them. Evox acknowledges that it is still collecting and producing responsive documents to Cars.com's March 13 discovery requests and the Court's June 15 Order without a date certain when it will be complete. (*Id.* ¶12-13.) Evox is unable to confirm whether it produced all licenses with Dealers who uploaded images to Cars.com's websites pursuant to the June 15 Order. (*Id.* ¶13.) Evox rejects Cars.com's proposed stipulation. (*Id.* ¶15.)

- **June 24-26:** Evox produces over 265,000 pages of documents. (*Id.* ¶16.)

- **June 25:** Evox represents that it intends to produce more documents. (*Id.*, Ex. E at 2-3.)

- **June 26:** Evox states that it located an additional 3 licenses responsive to RFP 10 pursuant to the Court's June 15 Order and that it intends to produce them. (*Id.*, Ex. F at 1.)

Cars.com should be bound by its commitment to produce the documents it previously committed to producing. *M2 Software, Inc.*, 217 F.R.D. at 500 (invoking "the

court's overriding interest in fairness and equity" and granting motion to compel filed after close of fact discovery where plaintiff's responses stated it would produce responsive documents until it was too late to timely seek relief). Courts have granted requests to modify case schedules in circumstances where parties reneged on their discovery commitments like Evox has done here. *See FeedMe Trading LLC,* 2024 WL 5257016 at *3 (granting motion to modify case schedule where "[t]hree weeks before the cut-off, FeedMe appeared to intimate that it would produce the documents. Defendants could not have reasonably foreseen that FeedMe would refuse only after the deadline had passed.")

Evox is improperly using the Court's prior order on RFP 10 as a shield and the expired schedule as a sword to withhold critical evidence. Cars.com understands Evox's position to be that the Court's order on RFP 10 limited the scope of the licenses Evox must produce to those directly between Evox and uploading dealers. This interpretation of the order is improper. <u>First</u>, it ignores Evox's prior and then-existing commitment to produce all documents responsive to RFP 9, which Cars.com relied on to its detriment. <u>Second</u>, it disregards Evox's representation that the vast majority of relevant licenses are not directly with dealers, but with DSPs. <u>Third</u>, RFP 9 does not include the breadth that the Court sought to narrow in its order on RFP 10. Namely, RFP 10 sought production of all license agreements with Dealers who listed inventory on Cars.com over the relevant period, ***<u>regardless of whether the dealer is one of the dealers who uploaded an asserted image</u>***. The Court considered that request to be too broad and accordingly narrowed it only to those dealers who were identified by Cars.com as having uploaded an asserted image.[1]

In contrast to RFP 10, RFP 9 is directed to agreements with any third party "***<u>for each of the asserted Images</u>***" over the relevant period. Although not directly addressed in the Court's order because Evox had previously agreed to produce these licenses, this scope is entirely within the spirit of the Court's order on RFP 10 because it is limited to the third

---

[1] Despite the Court's order on RFP 10, the scope of Evox's licensing practices for all images is relevant to the interpretation of the agreements with the uploading dealers specifically at issue in this case.

parties licensed to the images at issue, not every dealer involved with Cars.com's website. Evox agreed to produce documents responsive to RFP 9 (which are limited to the asserted images), and never objected to its breadth until the close of fact discovery. As a result of its conduct, Evox is improperly using the Court's June 15 Order as a shield and the close of fact discovery as a sword.

Evox's bait-and-switch conduct justifies the relief being sought in this motion.

**B.     Cars.com Will Suffer Irreparable Prejudice Absent *Ex Parte* Relief.**

Under the current schedule, initial expert reports are due July 2, 2026, rebuttal reports are due July 16, 2026, and dispositive motions must be filed by July 30, 2026. (ECF #33.) As it stands, those deadlines are untenable because Cars.com still lacks discovery that goes to the heart of liability, damages, and its potentially case-dispositive authorization/license defense. Indeed, on the last day of fact discovery, Evox supplemented nearly every interrogatory response providing insight into its infringement and damages theories for the first time, and admitting the relevance of its past licenses to its alleged actual damages in its response to Interrogatory No. 5. (Koley Decl. ¶ 11, Ex. F at 5:10-15.) Then, a week after fact discovery closed, Evox produced over 265,000 pages of documents, with much more to come. (Koley Decl. ¶¶17, 10, Ex. E at 1, 2-3.)

Cars.com cannot fully and fairly prepare expert reports concerning the scope of authorization/license, or fully and fairly move for summary judgment on its authorization/license defense, without: (1) the Evox-DSP agreements that define the sublicensing rights and permitted uses for the images at issue; (2) the complete list of Evox customers and licensing relationships that Evox relied on (or should have relied on) to allege in its First Amended Complaint that particular dealers were unlicensed or acted outside the scope of any license; and (3) documents Evox has already admitted it possesses and either agreed to produce in written discovery responses or is obligated to produce under the Court's June 15 Orders.

Cars.com is severely prejudiced by Evox's late disclosed discovery and withholding of key information, including by not having the information available during the deposition

of Evox's witnesses.

Evox cannot credibly claim prejudice from an extension that merely requires it to provide discovery it should have investigated and produced in the first instance (and initially agreed to). Evox had nearly three years from its first lawyer's July 2023 letter to Cars.com to determine whether the dealers who uploaded images to Cars.com were actually unlicensed, whether they obtained rights through DSPs, and whether their use fell within the scope of Evox's own licensing chain such that the alleged violations directed to Cars.com are, in fact, permitted uses under these agreements. That investigation was commensurate with its pre-suit Rule 11 obligations.

The information Cars.com seeks is not uniquely burdensome or unavailable. Evox's counsel acknowledged during the meet and confer that Evox can identify the DSPs corresponding to the uploading dealers at issue. (Koley Decl. ¶12.) It simply is refusing to complete the investigation and provide the agreements. Evox should not be permitted to create prejudice through its own delay and last minute reversal, and then use the schedule as a shield against producing discovery central to its claims. *See Edge Sys. LLC v. Ageless Serums LLC*, No. CV209669FLAPVCX, 2021 WL 7286039, at *1 (C.D. Cal. Nov. 15, 2021) (granting *ex parte* motion to compel where "[t]he Court will not permit Defendant to stonewall then complain about timing. Although optimally these discovery matters would have been resolved long ago, Defendant's failure to produce transactional data seemingly necessitated scheduling depositions at the end of the discovery period.").

Furthermore, Cars.com proposed the stipulation so that Evox cannot keep shifting its infringement theories by claiming that Cars.com's use of the images is unauthorized because it is unlicensed or outside the scope of the dealers' VIN-Specific licenses, while withholding licenses under the reasoning that the dealers' conduct is irrelevant. Evox's gamesmanship is transparent, and Cars.com is entitled to understand Evox's infringement theories and develop its defenses thereto, in order to avoid being sandbagged at trial.

### C.    Requested Relief

Evox's production of documents well after the close of fact discovery and its refusal

DEFENDANTS' EX PARTE MOTION TO MODIFY
CASE SCHEDULE AND COMPEL PRODUCTION
Case No.: 5:25-cv-02357-KK-SP

to produce critical documents it had previously promised to produce warrants both an order compelling the immediate production of this vital information and justifies a 90-day schedule extension. This is particularly the case with opening expert reports due July 2, 2026, and Cars.com's inability to use any of these documents in depositions.

In addition to the schedule relief summarized below, Cars.com respectfully requests an order compelling Evox to produce:

- all license agreements with all third parties relating to the asserted images from January 1, 2023 to present (RFP 9);
- all license agreements with Dealers who uploaded images to Cars.com pursuant to the Court's June 15 Order (RFP 10);
- all outstanding interrogatory responses, expert reports, and deposition transcripts pursuant to the June 15 Order. (ECF No. 55 at 8-9); and
- all documents responsive to Cars.com's First and Second Set of RFPs that Evox previously agreed to produce, namely:
  - o Copyright Office correspondence (Koley Decl., Ex. E at 2-3);
  - o All attachments to correspondence with Evox's vendor relating to the creation of Evox's "evidence books." (*Id.*, Ex. E at 2); and
  - o all reports, logs, and data received from licensees pursuant to license reporting requirements. (*Id.* Ex. E at 6-7).

The 90-day extension will provide the time necessary to: (a) obtain production of the DSP license agreements either directly from Evox or from the third-party subpoenas issued June 18, 2026; (b) complete any targeted follow-up depositions limited to the late productions and untimely interrogatory responses; and (c) prepare expert reports and dispositive motions on a complete record. The proposed schedule is set forth as follows:

| Deadline | Current Date | Proposed Date |
|---|---|---|
| Fact Discovery Cut-Off | June 18, 2026 | September 16, 2026 |
| Last Day to Serve Initial | July 2, 2026 | September 30, 2026 |

| Expert Reports | | |
|---|---|---|
| Last Day to Serve Rebuttal Expert Reports | July 16, 2026 | October 14, 2026 |
| Expert Discovery Cut-Off | July 30, 2026 | October 28, 2026 |
| Motion Hearing Cut-Off | August 27, 2026 | November 26, 2026 |
| Last Day to Conduct Settlement Proceedings | August 27, 2026 | Satisfied on May 14, 2026 |
| Final Pre-Trial Conference | October 1, 2026 | January 7, 2027 |
| Jury Trial | October 19, 2026 | February 1, 2027 |

## V.    CONCLUSION

For the foregoing reasons, the Court should find that good cause exists to modify the case schedule and compel discovery as set forth above.

Dated:  June 26, 2026

*/s/ Ashley M. Koley*
Laura Ganoza (*admitted pro hac vice*)
Ashley M. Koley
Justin Sobaje
Kunal Makhey (*admitted pro hac vice*)
FOLEY & LARDNER LLP

**Attorneys for Cars.com, LLC, Cars.com Inc. and DealerRater.com, LLC**

## LOCAL RULE 7-19 OPPOSING PARTY INFORMATION

Pursuant to Local Rule 7-19, the name, address, telephone number and email address of counsel for the opposing party are as follows:

LAWRENCE M. HADLEY, lhadley@glaserweil.com
ROBERT E. ALLEN, rallen@glaserweil.com
JASON C. LINGER, jlinger@glaserweil.com
GLASER WEIL FINK HOWARD
JORDAN & SHAPIRO LLP

DEFENDANTS' EX PARTE MOTION TO MODIFY CASE SCHEDULE AND COMPEL PRODUCTION
Case No.: 5:25-cv-02357-KK-SP

10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

DEFENDANTS' EX PARTE MOTION TO MODIFY
CASE SCHEDULE AND COMPEL PRODUCTION
Case No.: 5:25-cv-02357-KK-SP