UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 25-02357-KK-SPx** | Date: | September 15, 2026 |
| Title: | ***Evox Productions, LLC v. Cars.com, LLC, et al.*** | | |

Present: The Honorable KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Dominique Carr | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: (In Chambers) Order GRANTING Plaintiff's Motion for Sanctions [Dkt. 77]**

## I.
## INTRODUCTION

On July 16, 2026, plaintiff Evox Productions, LLC ("Plaintiff") filed the instant Motion for Spoilation, Evidentiary, Issue, Monetary, and Remedial Sanctions ("Motion"), asserting defendants Cars.com, LLC, Cars.com Inc., and Dealerrater.com, LLC (collectively, "Defendants") failed to preserve electronically stored information ("ESI") relevant to litigation and requesting the Court impose sanctions on Defendants pursuant to Federal Rule of Civil Procedure 37(e) ("Rule 37(e)"). ECF Docket No. ("Dkt.") 77, Motion ("Mot.").

The Court finds this matter appropriate for resolution without oral argument. See Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. For the reasons set forth below, the Court **GRANTS** the Motion.

## II.
## BACKGROUND

### A. RELEVANT FACTS

Plaintiff is a company which hosts a library featuring thousands of photographs of cars sold in the United States and has registered copyrights in all its photos. Dkt. 27, First Amended

Complaint ("FAC") ¶ 10. Defendants are companies which advertise and sell used cars on multiple websites. Id. ¶¶ 5-7, 15.[1]

From 2012 to 2015, Plaintiff and Defendant had a licensing agreement allowing Defendant to use Plaintiff's images. Dkt. 27-3, Ex. C ("Demand Letter"). On January 22, 2016, Defendant sent Plaintiff a Notice of Termination confirming the termination of the licensing agreement. Id.

On July 28, 2023, Plaintiff's counsel sent Defendant a demand letter alleging "at least 1205 [of Plaintiff's] images have been displayed by [Defendant] and its subsidiaries" without Plaintiff's permission, and informing Defendant it "has a duty mandated by law to preserve all evidence relating to its use of [Plaintiff's] images." Id. at 2-3.

On August 2, 2023, Defendant confirmed receipt of the letter and requested a full list of the images at issue to conduct a review of its systems. Dkt. 77-14, Ex. M at 12. On August 8, 2023, Plaintiff emailed Defendant four spreadsheets listing about 1700 images, their URLs on Defendant's website and subsidiary websites, image filenames, screenshots of how the images were displayed, and the images' copyright registrations. See id. at 5.

From August to December, Defendant conducted an internal technical review of its imaging processing systems and complied with Plaintiff's request to remove unlicensed images from its platforms. Dkt. 77-4, Ex. C, Deposition of Lee Hyer ("Hyer Depo.") at 12; Dkt. 77-3, Ex. B, Defendant's Responses to Plaintiff's Interrogatories, Set One ("Dft. Rog. Resp") at 11; Dkt. 77-14, Ex. M at 4, 14, 20. However, Defendant did not preserve any materials related to this review other than emails and internal communications preserved as part of its ordinary business practices. Dft. Rog. Resp. at 11-12.

On January 14, 2025, Plaintiff's counsel sent another demand letter to Defendant asserting copyright infringement based on Defendant's indexing, tagging, and third-party distribution of Plaintiff's images, and Defendant refuted the allegations. Id. at 9. Defendant did not take any further preservation action after receiving the January 14, 2025 letter. Id.

In September 2025, over two years after it received Plaintiff's July 28, 2023 demand letter, Defendant issued its first litigation hold notices, informing the recipient employees that their electronic communications records would be preserved for litigation. Id.; Hyer Depo. at 37. On September 9, 2025, Defendant issued litigation hold notices to five employees. Dft. Rog. Resp. at 10. From March 25, 2026 to May 27, 2026, Defendant issued nine additional litigation hold notices. Id.

---

[1] Defendants are business entities, related as follows: Defendant Cars.com Inc. operates www.carscommerce.inc with defendant Cars.com, LLC, Dkt. 77-11, Ex. J, Answer at 5; defendant Cars.com, LLC additionally owns and operates www.cars.com and www.auto.com, id. at 8; defendant DealerRater owns and operates www.dealerrater.com and is an affiliate of defendant Cars.com, LLC and a subsidiary of defendant Cars.com Inc., id. at 5, 8; and defendant DealerRater's website features pages which state it is "Powered by cars.com," id. at 8. Because neither party distinguishes Defendants for purposes of this Motion, the Court will refer to Defendants in singular form ("Defendant") in the Relevant Facts section of this Order. The Court further notes Defendants are closely related entities whose activities are highly integrated, and Plaintiff interacted with Defendants as one entity ("Cars.com") prior to litigation, see Demand Letter.

## B. PROCEDURAL HISTORY

On January 14, 2026, Plaintiff filed the operative First Amended Complaint ("FAC"), bringing claims under the Copyright Act, 17 U.S.C. § 101 et seq., arising from Defendants' alleged unauthorized use of Plaintiff's copyrighted images. FAC. On January 28, 2026, Defendants filed an Answer. Dkt. 28.

On May 29, 2026, both Plaintiff and Defendants filed motions to compel discovery. Dkts. 40, 42. The matters were set for hearing before the assigned Magistrate Judge on June 9, 2026. See Dkt. 53.

On June 15, 2026, the Magistrate Judge granted in part and denied in part both motions to compel. Dkts. 54-55. In its Order Granting in Part Plaintiff's Motion to Compel, the Court found Plaintiff had "made at least a preliminary showing of spoliation" because "the first litigation hold notice issued by defendants in this case was not issued until . . . over two years after plaintiff's cease and desist letter was issued." Dkt. 54 at 9.

On July 16, 2026, Plaintiff filed the instant Motion, arguing Defendants should be sanctioned for failing to take reasonable steps to preserve electronically stored information ("ESI") relevant to the litigation. Mot. Plaintiff requests a "tiered" list of sanctions, including a jury instruction that Defendants "failed to preserve relevant technical ESI and that the missing ESI would have been unfavorable to [Defendants]," permission to present evidence about Defendants' failure to preserve evidence, a permissive adverse inference jury instruction, and striking or precluding Defendants' defenses and arguments relying on the absence of the ESI. Id. at 3.

On July 23, 2026, Defendants filed an Opposition, arguing Plaintiff's Motion was procedurally improper, Defendants' actions did not violate Rule 37(e)'s requirements nor warrant sanctions, and Plaintiff's requested relief is improper. Dkt. 79, Opposition ("Opp.").

On July 30, 2026, Plaintiff filed a Reply, requesting the following relief if the Court does not find Defendants acted with intent to spoliate: "(1) permit [Plaintiff] to present evidence and argument concerning [Defendants'] duty, [their] failure to preserve, and why the lost records mattered; (2) give a neutral instruction identifying the duty, the failure, and the categories of records lost, without directing an unfavorable inference; (3) prevent [Defendants] from arguing that the absence of records it failed to preserve proves that the images were not accessible or indexed, received no traffic, were promptly removed, or did not come from [Defendants'] older [] files [under the parties' long-expired licensing agreement]; and (4) award the reasonable fees and costs caused by the loss and this motion." Dkt. 87, Reply at 20.

This matter, thus, stands submitted.

## III.
## LEGAL STANDARD

The Court may impose Rule 37(e) sanctions if "electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery."

Fed. R. Civ. P. 37(e). In determining whether and what sanctions are appropriate, "much is entrusted to the court's discretion." Fed. R. Civ. P. 37(e) Advisory Committee's Note to 2015 Amendment ("Committee Notes").

Rule 37(e) provides two categories of sanctions which require distinct preliminary findings. Gregory v. Montana, 118 F. 4th 1069, 1078 (9th Cir. 2024). Under Rule 37(e)(1), "upon finding prejudice to another party from loss of the information," the Court "may order measures no greater than necessary to cure the prejudice." Fed. R. Civ. P. 37(e)(1). Under Rule 37(e)(2), "only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation," the Court may: (A) presume that the lost information was unfavorable to the party; (B) instruct the jury that it may or must presume the information was unfavorable to the party; or (C) dismiss the action or enter a default judgment. Fed. R. Civ. P. 37(e)(2).

## IV.
## DISCUSSION

### A. DEFENDANTS UNREASONABLY FAILED TO PRESERVE RELEVANT ESI

#### 1. Applicable Law

Before issuing sanctions, the Court must first make the following threshold findings: "(1) information should have been preserved in the anticipation or conduct of litigation, (2) a party failed to take reasonable steps to preserve the information, (3) information was lost as a result, and (4) the information could not be restored or replaced by additional discovery." RG Abrams Ins. v. Law Offs. of C.R. Abrams, 342 F.R.D. 461, 503 (C.D. Cal. 2022) (citing Fed. R. Civ. P. 37(e) Committee Notes).

#### 2. Analysis

The Court finds all threshold requirements satisfied.

##### a. Defendants Should Have Preserved the ESI in the Anticipation or Conduct of Litigation

The Court first finds Defendants should have preserved the ESI in the anticipation or conduct of litigation. It is well settled that a party's duty to preserve relevant evidence arises "from the moment that litigation is reasonably anticipated," not the date a complaint is filed. Apple Inc. v. Samsung Elecs. Co., 881 F. Supp. 2d 1132, 1136 (N.D. Cal. 2012); see also RG Abrams Ins., 342 F.R.D. at 503 ("As soon as a potential claim is identified, a litigant is under a duty to preserve evidence which [he or she] knows or reasonably should know is relevant to the action or may be relevant to future litigation.") (quoting Colonies Partners, L.P. v. Cnty. of San Bernardino, No. EDCV 18-00420-JGB-SHKx, 2020 WL 1496444, at *6 (C.D. Cal. Feb. 27, 2020), report and recommendation adopted, No. EDCV 18-00420-JGB-SHKx, 2020 WL 1491339 (C.D. Cal. Mar. 27, 2020)); In re Napster, Inc. Copyright Litig., 462 F. Supp. 2d 1060, 1067 (N.D. Cal. 2006) (stating duty to preserve attaches once future litigation is "more than a possibility") (citation omitted).

On July 28, 2023, Plaintiff sent a demand letter which notified Defendants of Plaintiff's copyright infringement claims and explicitly stated Plaintiff "intend[ed] to pursue all available

remedies, including but not limited to the filing of a lawsuit against [Defendants]". Demand Letter at 3. It further advised Defendants they "ha[ve] a duty mandated by law to preserve all evidence relating to [their] use of [Plaintiff's] images." Id. Plaintiff's letter communicated its intent to litigate its claims against Defendants in no uncertain terms. See id. Therefore, as of July 28, 2023, Defendants were on notice that future litigation was "more than a possibility." See In re Napster, 462 F. Supp. 2d at 1067. In fact, days after receiving the letter, Defendants "acknowledged receipt . . . timely reviewed the materials, involved legal and technical personnel, engaged counsel, addressed the identified images, and preserved the correspondence and spreadsheet." Opp. at 8. Hence, Defendants' own actions, which included retaining counsel, further demonstrate they "reasonably anticipated" litigation. See Apple Inc., 881 F. Supp. 2d at 1136.

Thus, the Court finds Defendants were under a duty to preserve relevant ESI upon receipt of Plaintiff's July 28, 2023 demand letter. At the latest, this duty arose on August 2, 2023, when Defendants confirmed receipt of the letter. Dkt. 77-14, Ex. M at 12.

**b. Defendants Failed to Take Reasonable Steps to Preserve Relevant ESI**

Second, Defendants failed to take reasonable steps to preserve relevant ESI.

As discussed, Defendants were put on notice of potential litigation when they received Plaintiff's July 28, 2023 demand letter. At that point, they were "required to suspend any existing policies related to deleting or destroying files and preserve all relevant documents related to the litigation." Apple Inc. v. Samsung Elecs. Co., 888 F. Supp. 2d 976, 991 (C.D. Cal. 2012) (citation modified). "A litigation hold, or preservation order, is often the most appropriate mechanism to ensure potentially relevant documents and information are not lost deliberately or unintentionally." Colonies Partners, L.P., 2020 WL 1496444, at *8 (citations omitted).

Defendants argue their litigation holds were timely issued after Plaintiff filed suit and any delay in issuing a formal hold does not in itself support a finding of spoliation. See Opp. at 21. But Defendants' first litigation hold was not issued until over two years after their duty to preserve evidence arose. See Dft. Rog. Resp. at 11. This admitted failure to take any action to preserve any records in response to the July 28, 2023 demand letter was unreasonable. See Ebert v. Cnty. of San Bernardino, 832 F. Supp. 3d 1040, 1055 (C.D. Cal. 2026) ("[B]ecause Defendants do not identify any actions [taken to] preserve the missing [ESI] in response to the tort claim notice, the Court concludes that the [Defendants] did not take reasonable steps to preserve the missing [ESI]."); Gregory, 118 F.4th at 1078 (stating Defendant's failure to "promptly determine how long the [] system preserved its information was unreasonable, as was failing to proceed with appropriate dispatch in taking the actual steps necessary to download the [ESI] from the system before it was deleted").

Thus, the Court finds by waiting over two years to issue a litigation hold and taking no other action to preserve evidence related to Plaintiff's infringement claims, Defendants failed to take reasonable steps to preserve relevant ESI.

**c. Information Was Lost as a Result of Defendants' Failure to Preserve**

Third, information was lost as a result of Defendants' failure to preserve. Plaintiff bears the burden of showing that ESI was in fact lost, and may fulfill that burden by showing Defendants

made "no effort to preserve the communication and fail[ed] to complain when [an] outside vendor storing the communications deleted them automatically." RG Abrams Ins., 342 F.R.D. at 506 (citation modified). Here, Plaintiff sought discovery about "what [Defendants] did [with specific accused images] after receiving [Plaintiff's] notice," including "time-limited search data, logs showing image access and delivery, records showing when and where images were stored and removed, removal history, and source records." Mot. at 13, 20. In response, Defendants admitted they had no documents and had not retained those records. Id. at 14. They further stated the Google-related records Plaintiff sought were only available for 90 days, and Google "regularly deprecates" data stored within Defendants' Google Search Console API older than 16 months, and records from their own servers "are not and were not retained." Opp. at 17-18.

Thus, the Court finds ESI was lost due to Defendants' failure to preserve it.

#### d. The ESI Cannot Be Restored or Replaced Through Additional Discovery

Finally, the ESI cannot be restored or replaced through additional discovery. In fact, Defendants do not contend the ESI can be restored or replaced by additional discovery measures. Rather, they argue the ESI is unnecessary because Plaintiff "has the evidence it chose to collect and rely on to assert its claims: evidence books, screenshots, URLs, filenames, registration information, and image comparisons." Opp. at 20. However, Plaintiff's screenshots cannot show where the screenshotted image "came from, when it was uploaded or removed, how long it remained available, whether Google scraped it, or what traffic it received." Reply at 16. Defendants' server-side data is the only source of proof about how long the alleged unlicensed images were publicly displayed, what source they came from, and what actions Defendants took in response to Plaintiff's initial notice alleging copyright infringement. Because Defendants admit this data is no longer available, see Opp. at 17-18, the Court finds the ESI cannot be restored or replaced through additional discovery.

Thus, all threshold requirements are satisfied, and the Court is authorized to issue sanctions under Rule 37(e).

## B. PLAINTIFF IS ENTITLED TO SANCTIONS

### 1. Applicable Law

To determine what sanctions are appropriate under Rule 37(e), the Court "consider[s] three factors: (1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party." Ebert, 832 F. Supp. 3d at 1055–56 (quoting Apple Inc., 888 F. Supp. 2d at 992).

The severe sanctions authorized by Rule 37(e)(2) may not be imposed unless the Court finds the spoliating party intentionally lost or destroyed the ESI to hide adverse evidence. See Gregory, 118 F.4th at 1080; Jones v. Riot Hosp. Grp. LLC, 95 F.4th 730, 735 (9th Cir. 2024); see also Skanska USA Civ. Se. Inc. v. Bagelheads, Inc., 75 F.4th 1290, 1312 (11th Cir. 2023) (holding Rule 37(e)(2) sanctions are authorized only where the spoliator had a "purpose of hiding adverse evidence") (citation modified). When determining a party's intent, the Court considers factors including "the timing of destruction, affirmative steps taken to delete evidence, and selective preservation." Jones,

95 F.4th at 735 (citation omitted). Only once the Court finds intentional spoliation may it (1) presume that the lost information was unfavorable to the spoliating party; (2) instruct the jury that it may or must presume the information was unfavorable to the spoliating party; or (3) dismiss the action or enter a default judgment as sanctions for the spoliation. Fed. R. Civ. P. 37(e)(2)(A)-(C).

If the Court does not find intentional spoliation, it may still impose remedial sanctions under Rule 37(e)(1) if it finds a party suffered prejudice. "Ultimately, the sanction should be designed to: (1) deter parties from engaging in spoliation; (2) place the risk of an erroneous judgment on the party who wrongfully created the risk; and (3) restore the prejudiced party to the same position [in which] he would have been absent the wrongful destruction of evidence by the opposing party." Lee v. Cnty. of Los Angeles, No. CV 23-06875-GW-MAAx, 2025 WL 2505484, at *20 (C.D. Cal. Aug. 29, 2025) (citation modified), reconsideration denied, No. CV 23-6875-GW-MAAx, 2025 WL 3211209 (C.D. Cal. Oct. 14, 2025).

**2. Analysis**

**a. Rule 37(e)(2) Sanctions Are Not Available**

Plaintiff seeks sanctions under Rule 37(e)(2). Specifically, Plaintiff requests a jury instruction that Defendants "failed to preserve relevant technical ESI and that the missing ESI would have been unfavorable to [Defendant]" or, in the alternative, a permissive adverse inference instruction allowing the jury to infer that the missing ESI would have been unfavorable to Defendants. Mot. at 3. To order the adverse inference sanctions Plaintiff requests under Rule 37(e)(2), the Court must find Defendants failed to preserve the ESI with the intent to deprive Plaintiff of its use. Here, the record does not support such a finding. Defendants did not take affirmative steps to delete evidence, nor did they selectively preserve some documents while destroying others. See Laub v. Horbaczewski, No. CV 17-6210-JAK-KSx, 2020 WL 9066078, at *6 (C.D. Cal. July 22, 2020). Ultimately, while Defendants' inaction after receiving Plaintiff's demand letter was unreasonable, "[n]egligent or even grossly negligent behavior" is insufficient to show "intent." Fed. R. Civ. P. 37(e) Committee Notes. Thus, Court does not find that Defendants acted with the intent to deprive. See AliveCor, Inc. v. Apple, Inc., No. 21-CV-03958-JSW, 2023 WL 4335293, at *5 (N.D. Cal. June 2, 2023) (stating a party's "fail[ure] to halt the auto-deletion process and [delayed] litigation hold was undoubtedly irresponsible and careless, and perhaps even grossly negligent," but declining to infer intent to deprive); Ebert, 832 F. Supp. 3d at 1057 (declining to find intent when evidence was lost inadvertently). Hence, because the Court does not find Defendants willfully destroyed evidence, it cannot impose Rule 37(e)(2) sanctions.

**b. Rule 37(e)(1) Remedial Sanctions Are Warranted**

**i. Prejudice**

Plaintiff also seeks remedial sanctions under Rule 37(e)(1). To issue remedial sanctions under Rule 37(e)(1), the Court must find Plaintiff was prejudiced by Defendants' failure to preserve ESI. A party is prejudiced if "the spoiling [sic] party's actions impaired the non-spoiling [sic] party's ability to go to trial or threatened to interfere with the rightful decision of the case." Leon v. IDX Sys. Corp., 464 F.3d 951, 959 (9th Cir. 2006) (citation modified).

Here, Defendants' failure to retain real-time logs of the accused images and their actions in response to Plaintiff's demand letter "prejudice[d] [Plaintiff's] ability to understand and prove the scope and nature" of the alleged unlawful conduct. Meta Platforms, Inc. v. BrandTotal Ltd., 605 F. Supp. 3d 1218, 1237-38 (N.D. Cal. 2022). Plaintiff's copyright infringement claims require proof of how long the alleged unlicensed images were publicly displayed, what source they came from, and what actions Defendants took in response to Plaintiff's initial notice alleging copyright infringement. See Reply at 16. The lost ESI would have provided such proof; therefore, Defendants' spoliation prejudiced Plaintiff by "thwart[ing] [Plaintiff's] ability to obtain the evidence it needs for its case." Lee, 2025 WL 2505484, at *20. Hence, the Court finds Plaintiff was prejudiced by Defendants' failure to preserve ESI.

### ii. Sanctions

Because Plaintiff suffered prejudice as a result of Defendants' conduct, a broad range of remedial sanctions are available, including "forbidding the party that failed to preserve information from putting on certain evidence, permitting the parties to present evidence and argument to the jury regarding the loss of information, or giving the jury instructions to assist in its evaluation of such evidence or argument." Fed. R. Civ. P. 37(e) Committee Notes.

Plaintiff requests the Court "(1) permit [Plaintiff] to present evidence and argument concerning [Defendants'] duty, its failure to preserve, and why the lost records mattered; (2) give a neutral instruction identifying the duty, the failure, and the categories of records lost, without directing an unfavorable inference; (3) prevent [Defendants] from arguing that the absence of records it failed to preserve proves that the images were not accessible or indexed, received no traffic, were promptly removed, or did not come from [Defendants'] older [] files [under the parties' long-expired licensing agreement]; and (4) award the reasonable fees and costs caused by the loss and this motion." Reply at 20.

To cure the prejudice suffered, the Court finds it appropriate to impose Plaintiff's requested sanctions (1) and (3). **Hence, Plaintiff shall be allowed to present evidence and argument about Defendants' duty to preserve, failure to preserve, and the significance of the lost records, and Defendants are precluded from arguing that the absence of the lost ESI proves the images were not accessible or indexed, received no traffic, were promptly removed, or did not come from files improperly retained from the parties' expired licensing agreement.**

At this time, however, the Court declines to impose requested sanction (2) subject to reconsideration following presentation of evidence at trial.

### iii. Reasonable Fees and Costs

Finally, the Court finds it appropriate that Plaintiff be awarded reasonable fees and costs associated with bringing this Motion. Courts may award costs and fees "associated with spoliation" to cure the prejudice suffered by the non-spoliating party. Colonies Partners, L.P., 2020 WL 1496444, at *12; see also RG Abrams Ins., 342 F.R.D. at 522 (awarding monetary sanctions after finding a party was prejudiced by spoliation).

The party seeking an award of fees and costs must submit supporting evidence regarding the number of hours worked and the rates claimed. Van Gerwen v. Guar. Mut. Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000). "In the Ninth Circuit, the court must perform a two-step process to determine the reasonableness of any fee award . . . . First, the Court determines the 'lodestar figure' . . . by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate. Second, where appropriate, the Court may adjust the lodestar amount based on several factors." R.G. Abrams Ins., 342 F.R.D. at 522 (citation modified). These factors include "(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases." Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975).

Here, Plaintiff seeks an award of fees and costs, but fails to provide a declaration setting forth the details of the award sought. Therefore, Plaintiff is **ORDERED** to submit a declaration no later than fourteen (14) days from the date of this Order, detailing reasonable fees and costs associated with this Motion.

## V.
## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Sanctions is **GRANTED**, and the Court imposes the sanctions above. Plaintiff is further **ORDERED** to submit a declaration no later than fourteen (14) days from the date of this Order, detailing reasonable fees and costs associated with this Motion.

**IT IS SO ORDERED**.